In the Matter of the Claim of PHILIP STAGLIANO, Respondent, v. POLERA & SONS CONSTR. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant was working

as a carpenter on June 24, 1957 when a saw which he was using kicked back, making a 4½-inch laceration in his left thigh and causing him to fall backwards on his left hip and back. An operation was performed on the laceration and the claimant was discharged from the hospital on June 28, 1957. Dr. Maglio testified that the claimant returned to work on July 15 for financial reasons although he remained under his care. Dr. Maglio stated that the claimant was experiencing pain in his " left thigh proximal to the healed laceration and from patella to the inner aspect of groin and left hip." The claimant worked until he could no longer stand the pain and he was hospitalized on September 19, 1957. He was then examined by Dr. Hare on September 20 and his report shows the claimant experiencing pain in the hip and groin but this history was obtained from Dr. Maglio. The claimant was discharged from the hospital and thereafter referred to Dr. Nickerson who examined him on October 3 and found him complaining of persistent pain from the hip to the knee but no pain in the back. Dr. Nickerson thereafter performed myelographic studies, determined that the claimant had a herniated disc and performed an operation which confirmed the diagnosis. Dr. Hare again saw the claimant in the hospital after his operation and this time obtained a history from the claimant through an interpreter which indicated he had experienced pain in his back radiating down his left leg from the time of the accident. Dr. Hare's report also indicated that upon reviewing the hospital records the history there showed the claimant experiencing back pain since the accident. Dr. Wingebach who examined the claimant on October 10, 1957 with an interpreter present stated the history he got showed the back pain beginning for the first time five weeks prior to his examination. The claimant's testimony is not clear because it was taken through an interpreter. He stated that he struck his back when he fell, which was confirmed by a coemployee, and further that he had pain in his back from the beginning and that he had told Dr. Maglio about it. Dr. Maglio had received no history of back pain and he was not questioned as to causal relationship. Dr. Nickerson stated there was causal relationship between the accident and the herniated disc, this happening when he fell backward twisting his back. He stated that leg pain is a symptom of a herniated disc and that back pain does not necessarily have to be present. Dr. Wingebach testified that there was no causal relationship because of the lapse in time between the accident and the complaints of pain in the back radiating down the leg but he stated if such pain had occurred right after the accident his opinion would be different. Dr. Hare testified that assuming the history of back pain radiating down the leg which he got from the claimant and which appeared in the hospital records that there was causal relationship but that if such complaints did not appear until some time after the accident there was no causal relationship. The Referee found causal relationship and the board affirmed stating that medical opinion was in agreement that if the symptoms appeared early enough the disc was caused by the accident. The appellants contend that there is no evidence indicating that the symptoms occurred at the time of the accident and that therefore the award cannot be upheld. Although the record is confusing as to just when the symptoms of back pain radiating into the leg first occurred it would appear that there is sufficient evidence indicating they appeared right after the accident so that the board could so find. Although the claimant's attending physician and others received only complaints of pain in the leg originally this can be explained in several ways. One is the language difficulty since the claimant needed an interpreter to be understood. Another could be that his pain in his leg was so great or the pain was so generalized that he might not have been aware of at times the pain in his back. There is evidence indicating that such symptoms were present such as the claimant's own testimony, the history received by Dr.

Hare and the history taken by an intern and appearing in the hospital records. There is further here the fact that Dr. Nickerson apparently testified that back pain would not necessarily have had to appear particularly in view of the consistent pain in the leg. It would therefore appear that the board's decision is supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.